UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANESSA GUIDRY | CIVIL ACTION |
| VERSUS | NO. 17-8190 |
| USAA GENERAL INDEMNITY COMPANY, ET AL. | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is a Motion to Remand (Rec. Doc. 8), filed by Plaintiff Janessa Guidry, to which Defendants USAA General Indemnity Company and Jessee Forsyth have filed a response in opposition. *See* Rec. Doc. 9. Moreover, Defendants have filed a supplemental memorandum relevant to the amount in controversy in the instant matter. (Rec. Doc. 12). Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the motion is **GRANTED,** and this matter be **REMANDED** to the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, for the reasons stated herein.

   I.   **BACKGROUND**

This matter arises out of Plaintiff Janessa Guidry's ("Guidry") personal injuries that she allegedly sustained as a result of an automobile accident that occurred on August 31, 2016. *See* Rec. Doc. 8-1 at p. 1. Guidry filed a Petition for Damages in the Twenty Fourth Judicial District Court in Jefferson Parish on May 23, 2017, alleging that the vehicle operated by Defendant Jessee Forsyth ("Forsyth") collided with the rear of the passenger side of her vehicle, "which was in the proper and favored lane of travel." (Rec. Doc. 1-2 at p. 2). As a result of the accident, Guidry asserts that she sustained "injuries to her body and mind including, without limitation, pain in her

back and head, together with past and future expenses for medical care; including travel to and from medical providers; past and future loss of earnings," which allows her to recover reasonable damages from Defendants. *Id*.

On August 24, 2017, Forsyth removed the instant matter to this Court, with the consent of Defendant USAA General Indemnity Company ("USAA"), on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Rec. Doc. 1 at p. 2. Specifically, Forsyth asserts that he is a citizen of the state of Arkansas, Guidry is a citizen of the state of Louisiana, and USAA is a foreign corporation "domiciled and with its principal place of business in Texas." *Id*. at p. 1. Moreover, Forsyth contends that it is facially apparent from Guidry's Complaint that the amount in controversy exceeds $75, 000.00. *Id*. at p. 2.

In response to the Notice of Removal, Guidry filed this Motion to Remand. *See* Rec. Doc. 8. Guidry specifically argues that this Court lacks subject matter jurisdiction over the instant matter because Defendants have failed to meet their burden in proving that Forsyth is domiciled in Arkansas and that the amount in controversy exceeds the jurisdictional threshold. (Rec. Doc. 8-1 at p. 2-5). In opposition to the motion to remand, Defendants contend that they have established that the amount in controversy exceeds $75,000.00, and they have met their burden in establishing that Forsyth is a citizen of the state of Arkansas. (Rec. Doc. 9).

**II. LAW AND ANALYSIS**

Pursuant to 28 U.S.C. §1441(a), a civil action that was brought in a state court of which the United States district courts have original jurisdiction may be removed by the defendant(s) to the United States district court for the district and division embracing the location where such action is pending. *See* 28 U.S.C. §1441(a). In order for a court to have original jurisdiction under 28 U.S.C. §1332, complete diversity must exist between the plaintiff(s) and all properly joined

defendants, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. §1332. Moreover, to remove a case on the basis of diversity jurisdiction, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. §1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). The removing party must prove that federal jurisdiction exists by a preponderance of the evidence. *Young v. United States,* 727 F.3d 444, 446 (5th Cir. 2013). All ambiguities are construed against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

With regard to the diversity of citizenship, "[c]omplete diversity exists between the parties when the citizenship of every plaintiff is diverse from the citizenship of every defendant. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state). With few exceptions, state citizenship is regarded as synonymous with domicile for purposes of diversity. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). "A person's domicile persists until a new one is acquired or it is clearly abandoned." *Id*. at 250 (*citing Lew v. Moss*, 797 F.2d 747 (9th Cir.1986); *Mas v. Perry*, 489 F.2d 1396 (5th Cir.) *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974)).

In order to determine a person's domicile, the court will evaluate several factors, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. at 251 (*citing Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986); *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir.) *cert. denied*, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972); 1 J. Moore, Moore's Federal Practice § 0.74 [3.–3] n. 18 (1996) (citing authorities)). The court should look to all evidence that

3

demonstrates a party's intentions to establish a domicile, with no single factor being determinative. *Id*. Moreover, a party's statement of intent is a relevant factor in determining domicile, "but it is entitled to little weight if it conflicts with the objective facts." *Id*. (*citing Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985); *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir.) *cert. denied*, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972)).

With respect to Forsyth's domicile, Guidry argues that Defendants have not provided the Court with any information that establishes that he is domiciled in Arkansas. (Rec. Doc. 8-1 at p. 5). Specifically, Guidry contends that "Defendants only provided a police report to establish domicile, not his permanent address, property ownership, current address, address on the date of the accident, bank accounts, employment, or even a copy of his driver's license." *Id*. In response, Defendants first argue that although Guidry's Petition for Damages states that Forsyth is a resident and citizen of Jefferson Parish, "these bare allegations are flatly contradicted by plaintiff's own actions and admissions in the record." (Rec. Doc. 9 at p. 6). Moreover, Defendants argue that "plaintiff plainly repudiated her prior allegation of Louisiana citizenship when she filed pleadings in state court invoking Louisiana's long-arm and non-resident motorist statutes." *Id*. However, the burden is on Forsyth to establish his domicile and that there is complete diversity of citizenship between the parties. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("We initially note that when faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy.").

In further support of their argument that Forsyth maintains a domicile in Arkansas, Defendants contend that in addition to the police report listing Forsyth's address in Arkansas,

> The vehicle he was driving at the time was registered and licensed in Arkansas, as documented in the police report. The owner of the vehicle he was driving, Jenna Croft, is listed in the report as living in Arkansas. The insurance policy under which plaintiff seeks coverage for Forsyth was issued in Arkansas, and the vehicle in

4

question is principally garaged in Arkansas. Even plaintiff's own documents show six out-of-state addresses for Forsyth, compared to a single one in Louisiana (where, coincidentally, he could not be found for service).

(Rec. Doc. 9 at p. 6-7). However, the address of the owner of the vehicle, Jenna Croft, the insurance policy that lists Jenna Croft as an insured, and the fact that Jenna Croft's vehicle is principally garaged in Arkansas, are completely irrelevant in assessing Forsyth's domicile. Thus, with the exception of the police report that lists an address in Arkansas, Forsyth has submitted no evidence to establish that he is domiciled in Arkansas. Such address, without any other evidentiary support, is insufficient to meet the burden of establishing Forsyth's domicile. *See Freeman*, 754 F.2d at 555 (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954)) ("Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile."). Given the dearth of information with respect to Forsyth's domicile, the Court finds that Defendants have not met their burden in establishing that diversity of citizenship exists between the parties, and remand is appropriate under the instant circumstances.[1]

### III. CONCLUSION

Accordingly;

**IT IS ORDERED** that Plaintiff Janessa Guidry's Motion to Remand (Rec. Doc. 8) is **GRANTED**, and this matter is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 1st day of May 2018.

                                  **KURT D. ENGELHARDT**
                                  **UNITED STATES DISTRICT JUDGE**

---

[1] Given the Court's findings with regard to diversity of citizenship, it is unnecessary for the Court to address the arguments relevant to the amount in controversy.

5